**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**LACHAUNTI WILLIAMS,**

        Petitioner,

    v.                       **CIVIL ACTION NO. 5:24-CV-179**
                                   Judge Bailey

**WARDEN R. BROWN,**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

### I.    INTRODUCTION

On September 9, 2024, the *pro se* petitioner, Lachaunti Williams ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the Bureau of Prison's ("BOP") denial of prerelease custody.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

### II. BACKGROUND

In his petition, petitioner alleges that he is being denied prerelease custody because there is a warrant lodged against him; however, he alleges that the agency who has lodged the warrant has stated that they do not intend to arrest petitioner nor do they intend to file a detainer.  Petitioner alleges that his case manager has thus denied him prerelease custody, which petitioner contends is unlawful.

1

### III.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Along with his petition, petitioner filed a Motion for Leave to Proceed *in forma pauperis*.  On September 16, 2024, the undersigned reviewed petitioner's Motion, along with his Prisoner Trust Account Report and ledger sheets, and determined that petitioner had enough funds to pay the $5 filing fee.  Accordingly, the undersigned denied the Motion.  [Doc. 6].  On September 23, 2024, petitioner filed a Motion to Reconsider [Doc. 8], stating that "I don't receive money on a weekly or monthly basis and when I do receive money I do not know when it is going to come to me or who is going to send it." [Doc. 8 at 1].  For reasons appearing to the Court, the undersigned recommends that the Motion [**Doc. 8**] be **GRANTED**, that petitioner's Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **GRANTED**, and the fee waived.  Accordingly, the undersigned will proceed with an initial review of the petition.

### IV.    LEGAL STANDARDS

**A.    Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.**    **Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## V.    ANALYSIS

The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.   Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." ***McClung v. Shearin***, 90 F. App'x 444, 445 (4th Cir. 2004) (citing ***Carmona v. United States Bureau of Prisons***, 243 F.3d 629, 634-35 (2d Cir.2001), ***Little v. Hopkins***, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  ***Booth v. Churner***, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. ***Porter v. Nussle***, 534 U.S. 516, 524 (2002) (citing ***Booth***, 532 U.S. at 741).  "Those

3

remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915A to dismiss the case sua sponte. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the

4

complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10–542.15; *Gibbs v. Bureau of Prison Office, FCI*, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's failure to exhaust administrative remedies is apparent on the face of the petition.  In the petition, petitioner indicated that he had not presented the facts of this case through the prison's internal grievance procedure.  [Doc. 1 at 7].  Petitioner states that "By the time the process is completed for the expiration of the entire grievance process it will be over 120 days and ill (sic) have been release days prior to the 120 days and denied my right to pre-release custody."  [Id. at 8].  Thus, the petitioner argues that exhaustion would be futile because he believes the grievance process would not resolve his issue before his sentence has ended or should have ended.  However, this is not a valid basis for excusing exhaustion. *See, e.g.*, *Reese v. Heckard*, No. 5:22-CV-00033, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), *report and recommendation adopted*, No. 5:22-CV-00033, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) ("To any extent that Petitioner believes exhaustion of remedies in this matter is futile because his sentence will have ended before he could complete the remedy process, exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief.") (citations omitted).  Petitioner has provided no cause excusing his failure to exhaust, and the petition should be dismissed.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion for reconsideration [**Doc. 8**] be **GRANTED**, that petitioner's Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **GRANTED**, the fee $5 waived, and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  October 2, 2024.

/s, James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE