IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LACHAUNTI WILLIAMS,**

        Petitioner,

v.                                 **CIV. ACT. NO. 5:24-CV-179**
                                      Judge Bailey

**WARDEN R. BROWN,**

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 2, 2024, wherein he recommends that the Petition [Doc. 1] be denied and dismissed without prejudice.[1] [Doc. 10 at 6]. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND/PROCEDURAL HISTORY[2] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] Magistrate Judge Mazzone additionally recommends petitioner's Motion to Reconsider [Doc. 8] be granted, petitioner's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2] be granted, and the $5.00 filing fee be waived. [Doc. 10 at 6].

[2] This Court fully adopts and incorporates herein the Background section of the R&R. *See* [id. at 1].

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objection to Report and Recommendation [Doc. 12] ("petitioner's Objections") on October 15, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone opined that petitioner (1) failed to exhaust his administrative remedies and (2) did not provide sufficient reasoning for his failure to exhaust. [Doc. 10 at 5]. Specifically, Magistrate Judge Mazzone writes petitioner "argues that exhaustion would be futile because he believes the grievance process would not resolve his issue before his sentence has ended or should have ended. However, this is not a valid basis for excusing exhaustion." [Id. (citing **Reese v. Heckard**, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), *report and recommendation adopted*, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) (Volk, J.))]. Accordingly, Magistrate Judge Mazzone recommends denial of the Petition and that it be dismissed without prejudice. [Id. at 6].

In petitioner's Objections, he discusses the time frame of the administrative remedy process, stating "[e]ven if [he] was to receive answers to my administrative remedies the next day after filing it would still take 120 days or more, although it takes far longer than one day to receive a response back." [Doc. 12 at 2]. As is evident, petitioner is rehashing his argument which has already been addressed in the R&R. Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002). Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12. As petitioner has not presented

3

any additional argument as to why his failure to exhaust should be excused, this Court **OVERRULES** petitioner's first objection.

Petitioner next states "it is widely known that a response may never be received by the prisoner due to the corruption of the remedy process by [Bureau of Prisons] staff[.]" [Doc. 12 at 2]. While petitioner's point is noted, petitioner fails to present any reasoning or argument specifically as to why grievances filed by *him* would go unanswered. Accordingly, to the extent this can be construed as an objection, it is **OVERRULED**.

Petitioner then presents this Court with three cases he contends illustrate the Bureau of Prisons "does not have the right nor authority to deny [him] prerelease custody." [Id. at 2]. The first case, **Ramirez v. Phillips**, 2023 WL 8878993 (E.D. Cal. Dec. 22, 2023), is distinguishable from the instant matter in that it deals with a motion for a temporary restraining order. The second case, **Komando v. Luna**, 2023 WL 310580 (D. N.H. Jan. 13, 2023), is distinguishable in that it deals with an inmate who had an immigration detainer lodged against him. The third case, **Sierra v. Jacquez**, 2022 WL 18046701 (W.D. Wash. Dec. 27, 2022), is distinguishable in that it also deals with an inmate with an immigration detainer who had been informed that, due to the immigration detainer, the BOP would not be applying any FTA credits to his sentence. None of the cases petitioner presents to this Court have any illustrative qualitites relevant to petitioner's own failure to exhaust his administrative remedies.

Petitioner goes on to state "[his] issues are in alignment with opinions in **McClung** as far as circumstances being beyond [his] control which keeps [him] from pursuing remedies through the normal [Bureau of Prisons] procedures." [Doc. 12 at 3]. Lastly,

4

petitioner again references his time frame argument and "abuse of authority by [his] casemanager [sic] by wrongfully deniying [sic] [him] prerelease custody," without providing any additional specific details. [Id.]. It is wholly unclear as to what part of the R&R petitioner is objecting to with regard to these arguments. A party waives any objection to an R&R that lacks adequate specificity. See *Mario*, 313 F.3d 758 at 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." *Green v. Rubenstein*, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 10**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Motion for Reconsideration [**Doc. 8**] is hereby **GRANTED**. Petitioner's Application and Affidavit to Proceed Without Prepayment of Fees [**Doc. 2**] is **GRANTED**, and the $5.00 fee is waived. Petitioner's Objections [**Doc. 12**] are **OVERRULED**, and the Petition [**Doc. 1**] is **DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 17, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE